IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GLENN NORMAN, JR, | No. CIV S-07-1443-FCD-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2007, the court dismissed the original petition with leave to amend because petitioner did not name the proper respondent. Petitioner filed an amended petition on October 18, 2007 (Doc. 11), naming the proper respondent and raising various claims regarding his conviction and sentence. On October 29, 2007, petitioner filed another amended petition (Doc. 12) which appears substantively duplicative of the October 18, 2007, filing. Also on October 29, 2007, petitioner filed a document entitled "Petitioner's Notice in Support of Complaint and Petition Attached Exhibits in Support Civil Rights Act 42 U.S.C. § 1983" (Doc.

1

13). Attached to this filing is a form civil rights complaint alleging that his conviction was the result of the negligence of his criminal defense attorneys. In the civil rights complaint, petitioner seeks monetary damages.

As to the October 29, 2007, petition (Doc. 12), the document will be stricken as duplicative of the amended petition filed on October 18, 2007 (Doc. 11). As to petitioner's second October 29, 2007, filing (Doc. 13) – which is a civil rights complaint – petitioner is advised that: (1) he may not present civil rights claims in the instant habeas corpus action; and (2) in any event, the civil rights claims are not cognizable because the claims, if successful, would necessarily imply the invalidity of the underlying criminal conviction. See e.g. Edwards v. Balisok, 520 U.S. 641, 646 (1987). Because petitioner cannot proceed with civil rights claims in the instant habeas corpus action, the second October 29, 2007, document will also be stricken. This action shall proceed on the amended petition filed on October 18, 2007.

The court has examined the amended petition filed on October 18, 2007, as required by Rule 4 of the Federal Rules Governing Section 2254 Cases. It does not plainly appear from the petition and any attached exhibits that petitioner is not entitled to relief. See id. Respondents, therefore, will be directed to file a response to petitioner's petition. See id. If respondents answer the petition, such answer must comply with Rule 5 of the Federal Rules Governing Section 2254 Cases. Specifically, an answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issue(s) presented in the petition. See id.

Accordingly, IT IS HEREBY ORDERED that:

1. The documents filed on October 29, 2007 (Docs. 12 and 13) are stricken;

2. Respondents are directed to file a response to petitioner's amended petition (Doc. 11) within 30 days from the date of service of this order;

/ / /

/ / /

3. Petitioner's traverse or reply (if respondents file an answer to the petition), if any, or opposition or statement of non-opposition (if respondents file a motion in response to the petition) shall be filed and served within 30 days of service of respondents' response; and

4. The Clerk of the Court shall serve a copy of this order, together with a copy of petitioner's petition for a writ of habeas corpus on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: October 31, 2007

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE