# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES GLENN NORMAN, JR,  No. CIV S-07-1443-FCD-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATIONS

JOHN DOVER, et al.,

    Respondents.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss the petition as having been filed beyond the one-year statute of limitations (Doc. 18). Petitioner has not filed an opposition.

       Petitioner was convicted and sentenced on August 23, 2001. The California Court of Appeal affirmed the conviction and sentence on May 28, 2003. The California Supreme Court denied direct review on August 27, 2003. Petitioner then filed four state post-conviction actions as follows:

      First Action      Sacramento County Superior Court
                           Filed September 15, 2005
                           Denied October 17, 2005

|  |  |
|---|---|
| Second Action | California Court of Appeal |
|  | Filed December 27, 2005 |
|  | Denied January 5, 2006 |
| Third Action | California Supreme Court |
|  | Filed March 1, 2006 |
|  | Denied October 25, 2006 |
| Fourth Action | Sacramento County Superior Court |
|  | Filed March 14, 2006 |
|  | Denied April 25, 2006 |

The instant federal petition was signed on July 17, 2007, and filed on July 19, 2007.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

1          The limitations period is tolled, however, for the time a properly filed application
2  for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
3  "properly filed," the application must be authorized by, and in compliance with, state law.  See
4  Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace
5  v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to
6  a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
7  and the failure to comply with those time limits precludes a finding that the state petition is
8  properly filed).  A state court application for post-conviction relief is "pending" during all the
9  time the petitioner is attempting, through proper use of state court procedures, to present his
10 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered
11 "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___
12 U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari
13 petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
14 state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
15 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
16 untimely, the federal court must independently determine whether there was undue delay.  See id.
17 at 226-27.

18         There is no tolling for the interval of time between post-conviction applications
19 where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
20 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
21 tolling for the period between different sets of post-conviction applications.  See Biggs v.
22 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
23 review and the filing of a state post-conviction application does not toll the limitations period.
24 See Nino, 1983 F.3d at 1006-07.
25 / / /
26 / / /

In this case, petitioner did not seek review by the United States Supreme Court. Therefore, the conviction and sentence became final 90 days after the California Supreme Court denied review and the limitations period began to run the following day – November 26, 2003. Because none of petitioner's state post-conviction actions were filed within the limitations period (i.e., before November 26, 2003), petitioner is not entitled to tolling for any of the time those actions were pending or the intervals between. Thus, the limitations period ended one year after November 26, 2003, or on November 25, 2004. Because the instant federal petition was not filed until 2007, it is untimely and must be dismissed.[1]

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 18) be granted;

2. This action be dismissed; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Given this conclusion, the court need not address respondents' argument that petitioner's claim are also unexhausted.

4